NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0938n.06

No. 14-3756

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| OHIO STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., | ) ) ) ) ) | **FILED**<br>Dec 19, 2014<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| JON HUSTED et al., | ) ) | ORDER |
| Defendants, | ) ) | |
| OHIO GENERAL ASSEMBLY, | ) ) | |
| Movant-Appellant. | ) ) | |

Before: KEITH, MOORE, and CLAY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** The Ohio General Assembly appeals the district court's denial of its motion to intervene as a defendant in litigation brought by Plaintiffs the Ohio State Conference of the National Association for the Advancement of Colored People et al. against Jon Husted, the Ohio Secretary of State, and Mike DeWine, the Ohio Attorney General. For the reasons set forth below, we **VACATE** the district court's order and **REMAND** the case to the district court to consider the Ohio General Assembly's motion to intervene consistent with this order.

No. 14-3756
*Ohio State Conference of the NAACP et al. v. Husted et al.*

## I. BACKGROUND

On May 1, 2014, Plaintiffs filed a complaint in the United States District Court for the Southern District of Ohio, arguing that Senate Bill 238 ("SB 238") and Directive 2014-17 violate the Equal Protection Clause of the Fourteenth Amendment and Section 2 of the Voting Rights Act of 1965. Nearly two months later on June 30, 2014, Plaintiffs moved for a preliminary injunction to "enjoin the enforcement of . . . Senate Bill 238 . . . and require Defendant Husted to set uniform and suitable in-person early voting hours for all eligible voters that includes multiple Sundays and weekday evening hours." R. 17 (Pls.' Mot. Prelim. Inj. at 61) (Page ID #152).

The Ohio General Assembly moved to intervene as of right or, in the alternative, permissively, on July 11, 2014. R. 29 (Ohio General Assembly's Mot. to Intervene) (Page ID #664–65). On July 30, 2014, the district court denied the Ohio General Assembly's motion to intervene. R. 48 (Order at 1) (Page ID #1474). The Ohio General Assembly filed an emergency motion for reconsideration that same day. R. 50 (Ohio General Assembly's Emergency Mot. for Recons.) (Page ID #1502). The next day, on July 31, 2014, the district court denied the emergency motion for reconsideration. R. 55 (Order) (Page ID #1950).

Meanwhile, the litigation between Plaintiffs and Defendants Husted and DeWine progressed at a rapid pace. On September 4, 2014, the district court granted Plaintiffs' motion for a preliminary injunction. *Ohio State Conference of N.A.A.C.P. v. Husted*, No. 2:14-CV-404, 2014 WL 4377869, at *43 (S.D. Ohio Sept. 4, 2014). After Defendants filed their notice of appeal of the preliminary injunction (appeal number 14-3877), the district court granted the Ohio

General Assembly's renewed motion to intervene "for the purpose of appeal only" (appeal number 14-3881). R. 75 (D. Ct. Order Granting Ohio General Assembly's Intervention for Appeal) (Page ID #5954). We affirmed the district court's order granting Plaintiffs a preliminary injunction on September 24, 2014. *Ohio State Conference of N.A.A.C.P. v. Husted*, 768 F.3d 524, 561 (6th Cir. 2014). We treated the brief filed by the Ohio General Assembly in 14-3881 as an amicus curiae brief in 14-3877. *Id.* at 530. On September 29, 2014, the Supreme Court stayed the district court's preliminary injunction. *Husted v. N.A.A.C.P.*, No. 14A336 (S. Ct. Sept. 29, 2014) (order granting stay). In light of that order, we vacated the district court's preliminary injunction as well as our opinion upholding the preliminary injunction. *Ohio State Conference of N.A.A.C.P. v. Husted*, No. 14-3877 (6th Cir. Oct. 1, 2014) (order). Litigation is ongoing between Plaintiffs and Defendants in the district court.

## II. MOTION TO INTERVENE

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene" who files a "timely motion" and who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). We have "interpreted the language of the Rule" to mean that the applicant must therefore show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing

parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). For permissive intervention under Rule 24(b), "the court may permit anyone to intervene who" files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact," provided "the court . . . consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

The district court denied the Ohio General Assembly's motion to intervene based on its determination that the motion was untimely. R. 48 (Order at 4) (Page ID #1477). The district court's untimeliness determination was primarily limited to considerations relating to the preliminary injunction hearing. *Id.* at 2–4 (Page ID #1475–77). But in light of our vacation of the preliminary injunction on October 1, 2014, the district court's opinion denying intervention for the purposes of the preliminary injunction proceedings no longer has any effect and is vacated.

However, the Ohio General Assembly did not limit its request for intervention to the preliminary injunction proceedings. Its motion to intervene is framed generally. R. 29 (Ohio General Assembly's Mot. to Intervene) (Page ID #664–65). And in its reply memorandum in support of its motion, the Ohio General Assembly referenced the case management plan for the full case to argue that its motion was timely. R. 35 (Ohio General Assembly's Reply Mem. in Support of Mot. to Intervene at 4) (Page ID #708) ("This timeline makes clear that intervention was sought *early* in the proceedings. The General Assembly filed its Motion . . . nearly a year in

4

advance of Plaintiffs' proposed discovery and dispositive motion deadlines."). Litigation in the full case appears still to be at an early stage. *See, e.g.*, R. 100 (Scheduling Order & Entry, Dec. 8, 2014) (Page ID #6223) (setting the deadline for fact discovery as May 15, 2015 and the deadline for dispositive opposition briefs as July 2, 2015).

Therefore, because the district court did not address the Ohio General Assembly's motion to intervene with regard to the full case, we vacate the district court's order and remand to the district court so that it may consider this issue in the first instance.

## III. CONCLUSION

For the reasons set forth above, we **VACATE** the district court's order and **REMAND** the case to the district court.